By the Court:

Monell, J,
The only question in this case ariéing under the appeal from the judgment is upon the exception to the direction of the Court to the jury. Such direction was on the ground that the defendant, by consenting to and transferring the mortgages for a total consideration of forty thousand dollars, had thereby waived the condition that the plaintiff should obtain the full amount of principal and interest due upon the mortgages, with the costs of foreclosure.
The evidence, both in regard to the original agreement between the parties and the alleged waiver, was conflicting. The plaintiff testified that the agreement was, that if he sold the mortgages for forty thousand dollars the defendant would pay him one thousand dollars; while the defendant testified that the compensation of a thousand dollars was to be paid only in the event of the plaintiff’s finding a purchaser for the mortgages at the full amount of principal and interest, and the costs of foreclosure. The plaintiff also testified that, after conducting negotiations with Mr. Palmer for some time, he obtained'an offer from him to purchase the mortgages for forty thousand dollars, which was accepted by the defendant, and the mortgages transferred to Palmer. Such acceptance and transfer were, probably, ‘prvnmfaoie evidence of an assent on the part of the defendant to a change in the terms of the original agreement, and of a waiver by him of the condition that the plaintiff’s compensation was to depend on his obtaining the full amount due on the mortgages. But the defendant testified that, when he accepted the offer of Palmer, he expressly rejected the claim of the plaintiff’ *469 to be paid a thousand dollars, and repudiated his right to any claim whatever to compensation under the original agreement, thereby denying that there was any waiver of the condition.
From all this evidence it is very clear that there were two questions in the case proper for the jury: First, whether the compensation of the plaintiff was to depend upon his obtaining the full amount due on the mortgages; and if it did, then— Second, whether snch condition had been waived by the defendant.
Both these questions were taken from the jury. The first was substantially determined by the Court in favor of the defendant, and the verdict was then directed against him, on the ground that the proof established the waiver.
I have no doubt that if the defendant’s counsel had requested the Court to submit these questions to the jury, it would have been error to have withheld them. They were both eminently proper for the consideration of the jury. The evidence bearing upon them was very conflicting; and a verdict either way would not have been disturbed. Upon the evidence, the jury could have found that the contract was as it was testified to have been by the plaintiff; or, if they found otherwise, then they could have further found that the condition had been waived. Unless the evidence is wholly undisputed, or clearly preponderates on the one side or the other, the court cannot take it from the jury, if requested to submit it to them. And a question of waiver, when not supported by unconflicting evidence, being always a question of intent, is for the jury and not for the court.
' But no request was made in this case to submit any questions of fact to the jury; and the objection cannot be now taken that they should have been (Plumb v. Cattaraugus Ins. Co., 18 N. Y. R., 392 ; Winehet v. Hicks, ib., 558; Graser v. Stellwagen, 25 ib., 315).
This disposes of the only exception in the case, and the only question which can be raised on the appeal from the judgment:
A motion, however, has been made at Special Term for a new trial on a case, and an appeal taken from the order denying the *470 motion. We are therefore at liberty to look into the case, notwithstanding the omission of the defendant’s counsel on the trial (Archer v. Hubbell, 4 Wend., 514; Geer v. Archer, 2 Barb., 420; Hastings v. McKinley, 3 Code Rep., 10), for the purpose of seeing whether the merits of the case have been fully aiid fairly tried, and whether any injustice has been done (3 Gra. & Wat. on new trial, 48). ,
If the views I have before expressed, that the questions of fact in this case should have gone to the jury, are correct, then it seems quite clear that the defendant ought not to be deprived of a right guaranteed to him, of a trial by jury, upon the somewhat technical ground which has deprived him of his exception to the ruling of the Court. Had he demanded such submission to the jury, the learned justice would have been bound, as I think, to have granted the request; and their verdict might have been quite different from what it was directed to be by the Court. The questions were not entirely free from doubt; there was room for an honest difference of opinion; and there was enough evidence on either side to have sustained a verdict either way.
Upon the whole, I ata of the opinion that, in furtherance of substantial justice, a new trial ought to be granted ; for which purpose, the judgment and order appealed from should be reversed, without costs. , '